IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISON

| | | |
|---|---|---|
| JOE ALVIAR, JR., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:16-CV-1633-D |
| | § | |
| MACY'S INC. A CORPORATION OF | § | |
| DELAWARE (MACY'S INC.) D/B/A | § | |
| MACY'S, MACY'S RETAIL HOLDINGS, | § | |
| INC., and/or THE ENTITY THAT | § | |
| EMPLOYED PLAINTIFF AS OF | § | |
| AUGUST 19, 2015, and JOHN LILLARD, | § | |
| INDIVIDUALLY, | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE SYDNEY A. FITZWATER,
UNITED STATES DISTRICT JUDGE:

COMES NOW, JOE ALVIAR, JR., Plaintiff, and files this his Plaintiff's First Amended Complaint complaining of Defendant MACY'S, INC. A CORPORATION OF DELAWARE (MACY'S INC.) d/b/a MACY'S, MACY'S RETAIL HOLDINGS, INC. and/or THE ENTITY THAT EMPLOYED PLAINTIFF AS OF AUGUST 19, 2015 and JOHN LILLARD, Individually, and for cause of action would respectfully show the Court as follows:

I.

### JURISDICTION

1.      Jurisdiction is proper in Texas State Court, 134th District Court, Dallas County, Texas. Pursuant to Texas Rules of Civil Procedure, Rule 190, this case will be designated as a Level II. Plaintiff Alviar files this First Amended Complaint subject to his objection to federal jurisdiction and the motion to remand that he will file in the coming days.

2. This First Amended Petition is filed pursuant to the Court's order dated July 1, 2016.

## II.

## VENUE

3. Venue is proper in Dallas County pursuant to section 15.002 of the Texas Civil Practice and Remedies Code because all or a substantial portion of the facts giving rise to Plaintiff Alviar's cause of action occurred in Dallas County, Texas.

## III.

## PARTIES

4. Plaintiff Joe Alviar, Jr. is an individual residing in Tarrant County, Texas.

5. Defendant Macy's, Inc. a Corporation of Delaware (Macy's Inc.) d/b/a Macy's, (hereinafter referred to as "Macy's") is a foreign company organized under the laws of the State of Delaware and doing business in the State of Texas and has been served and answered herein and is required to take notice of this amended complaint.

6. Defendant Macy's Retail Holdings, Inc. is a foreign company organized under the laws of the State of New York and doing business in the State of Texas and has been served and answered herein and is required to take notice of this amended complaint.

7. Defendant Macy's Inc. and Defendant Macy's Retail Holdings, Inc. shall be collectively referred to as "Defendant Macy's" unless otherwise indicated.

8. Defendant John Lillard, is an individual who has been served and answered herein and is required to take notice of this amended complaint.

IV.

FACTS

9.     Plaintiff Alviar served in the United States Army, which involved two deployments to Iraq and one deployment to Afghanistan.  Plaintiff Alviar was a tank gunner and truck commander in Iraq. Plaintiff Alviar was an infantry squad leader in Afghanistan. Plaintiff Alviar achieved the rank of Sergeant/E-5.  Plaintiff Alviar received an honorable discharge from the United State Army.  Plaintiff Alviar has been diagnosed with and treated for Post Traumatic Stress Disorder ("PTSD") by the Veterans Administration.

10.    Plaintiff Alviar had an employment at will contract with Defendant Macy's.  Plaintiff Alviar was a loyal employee of Defendant Macy's and worked as an Asset Protection Manager for Defendant Macy's Store #682 in Irving, Texas.

11.    Due to Plaintiff Alviar's leadership, the team Plaintiff Alviar supervised was ranked among the best in the district.

12.    Defendant Macy's has an employee policy that prohibits discrimination against employees based upon disability.

13.    Defendant Macy's has an employee policy that prohibits discrimination against employees based upon veteran/military status.

14.    Plaintiff Alviar was subjected to discrimination by Director of Asset Protection, Defendant John Lillard, who expressed hostility to Plaintiff Alviar's PTSD condition and asked Plaintiff Alviar inappropriate questions and made inappropriate statements, such as, "your PTSD pisses me off" and "with your PTSD are you sure you can handle the job?"

15.    Plaintiff Alviar was terminated on August 19, 2015. The stated reason for Plaintiff Alviar's termination is false and is a mere pretext for unlawful discrimination.

16.     Defendant Lillard interfered with Plaintiff Alviar's contract of employment with Defendant Macy's by terminating him and making the performance of the contract more difficult on account of Plaintiff Alviar's disability and status as a veteran/military status, in violation of Defendant Macy's policy which expresses disapproval of discrimination based on disability and veteran/military status.

17.     Defendant Lillard's actions were contrary to the interests of Defendant Macy's as expressed in its policies

## V.

## CAUSES OF ACTION

18.     Defendants terminated and otherwise discriminated against Plaintiff Alviar in violation of § 21.051, *et seq.* of the Texas Labor Code because he had a disability and/or was regarded as disabled and/or had a record of disability.

19.     Defendants discriminated against Plaintiff Alviar in violation of § 21.051 of the Texas Labor Code for failing to provide Plaintiff Alviar a requested reasonable accommodation.

20.     Defendants retaliated against Plaintiff Alviar for complaining about and/or opposing illegal discrimination in violation of § 21.055 of the Texas Labor Code.

21.     Alternatively, Plaintiff Alviar seeks declaratory relief because disability was a motivating factor and thus, disability was at least a mixed motive in the termination. Plaintiff Alviar seeks declaratory relief and attorney fees pursuant to § 21.125 of the Texas Labor Code.

22.     Defendants at all relevant times acted through its agents and employees.

23.     Defendant Lillard tortuously interfered with the contract between Plaintiff Alviar and Defendant Macy's.

## VI.

## DAMAGES

24. Defendant Macy's and Macy's Retail wrongful acts have caused injury to Plaintiff Alviar.  Plaintiff Alviar has suffered lost wages, loss of earning capacity, lost benefits, mental anguish, inconvenience and loss of enjoyment of life as a result of Defendant Macy's and Macy's Retail's actions against him.  Plaintiff Alviar has suffered these injuries in the past and in all reasonable probability will continue to suffer these injuries in the future.  Alternatively, if the Court does not award front pay, Plaintiff Alviar seeks reinstatement to his previous position. Plaintiff Alviar also seeks punitive damages.

25. Defendant Lillard's wrongful acts have proximately caused injury to Plaintiff Alviar. Plaintiff Alviar has suffered lost wages, loss of earning capacity, lost benefits, mental anguish, inconvenience and loss of enjoyment of life as a result of Defendant Lillard's actions against him. Plaintiff Alviar has suffered these injuries in the past and in all reasonable probability will continue to suffer these injuries in the future. Plaintiff Alviar also seeks punitive damages.

26. Pursuant to Tex. R. Civ. P. 47, Plaintiff Alviar seeks monetary relief over $200,000 but not more than $1,000,000, or whatever the finder of fact determines to be fair.

## VII.

## JURY DEMAND

27. Plaintiff Alviar demands a jury.

## VIII.

## PRAYER

28. Plaintiff Alviar prays that the case be remanded to state court because there is not jurisdiction because there is not complete diversity of citizenship between the parties. Plaintiff

Alviar prays that upon final trial of this cause, Plaintiff Alviar be awarded his damages, together with pre-judgment and post-judgment interests at the highest legal rate; attorney fees; reinstatement; a declaration that Defendant Macy's unlawfully discriminated against Plaintiff Alviar because of his disability; cost of court; and for such other and further relief at law or in equity to which the Plaintiff Alviar may show himself justly entitled.

Respectfully submitted,

/s/ JASON C.N. SMITH
JASON C.N. SMITH
State Bar No. 00784999

LAW OFFICES OF JASON SMITH
600 Eighth Avenue
Fort Worth, Texas 76104
(817) 334-0880, telephone
(817) 334-0898, facsimile
Email: jasons@letsgotocourt.com

ATTORNEYS FOR PLAINTIFF

CERTIFICATE OF SERVICE

I hereby certify that on July 8, 2016, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court and in accordance with the Federal Rules of Civil Procedure. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means: Arthur V. Lambert and Michael C. Christman.

/s/ JASON C.N. SMTIH
JASON C. N. SMITH