IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOE ALVIAR, JR., | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:16-CV-1633-D |
| VS. | § | |
| | § | |
| MACY'S INC., et al., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

        Plaintiff Joe Alviar, Jr. ("Alviar") moves to remand this removed action to state court,

and defendant John Lillard ("Lillard") moves to dismiss the action against him under Fed.

R. Civ. P. 12(b)(6) for failure to state a claim on which relief can be granted. The motions

present the question whether defendants have met their heavy burden of demonstrating that

there is no reasonable basis for this court to predict that Alviar might be able to recover

against Lillard, his former supervisor, for tortious interference with Alviar's contract of

employment with his employer. Concluding that defendants have met this burden, the court

denies Alviar's motion to remand, grants Lillard's motion to dismiss, and dismisses this

action against Lillard by Rule 54(b) final judgment.

I

        Alviar was employed as an Asset Protection Manager by defendant Macy's, Inc.

("Macy's") or defendant Macy's Retail Holdings, Inc. ("MRHI") (collectively, "Macy's,"

unless the context otherwise requires). He was diagnosed with Post Traumatic Stress

Disorder ("PTDS") after serving in the United States Army.  Alviar alleges that, during his employment, he was subjected to discrimination by Lillard, the Director of Asset Protection.[1] Alviar alleges that Lillard expressed hostility to Alviar's PTSD and made inappropriate statements to Alviar, such as "your PTSD pissed me off," and "with your PTSD are you sure you can handle the job?"  Pet. 4.

Alviar was terminated in 2015.  He alleges that Lillard

> interfered with [his] contract of employment with Macy's by terminating him and making the performance of the contract more difficult on account of Plaintiff's disability and status as a Veteran, in violation of Macy's policy which expresses disapproval of discrimination based on disability and Veteran status.

*Id.*  Alviar sued Macy's and Lillard in state court, alleging that they discriminated and retaliated against him, in violation of the Texas Commission on Human Rights Act ("TCHRA"),[2] Tex. Lab. Code Ann. § 21.001, *et seq.* (West 2015).  He also asserts that "Defendant Lillard tort[i]ously interfered with the contract between Plaintiff and Defendant Macy's."  Pet. 5.

---

[1]Macy's contends, and Alviar does not dispute, that Lillard was Alviar's supervisor and is an employee of MRHI.

[2]As the court noted in *King v. Enterprise Leasing Co. of DFW*, 2007 WL 2005541 (N.D. Tex. July 11, 2007) (Fitzwater, J.): "'Chapter 21 was entitled the Texas Commission on Human Rights Act until the abolishment of the Commission on Human Rights.  In 2004, the "powers and duties" of the Commission on Human Rights were transferred to the Texas Workforce Commission Civil Rights Division.'" *Id.* at *1 n.1 (quoting *Tex. Dep't of Criminal Justice v. Guard*, 2007 WL 1119572, at *2 n.3 (Tex. App. 2007, no pet.) (not designated for publication)).  As in *King*, the court for clarity will refer to these claims as brought under the TCHRA.

Macy's and MRHI removed this case based on diversity of citizenship, contending that Lillard was improperly joined and that his citizenship should be disregarded for purposes of determining removability. Alviar now moves to remand, contending that because Lillard, acting in his own interest, tortiously interfered with Alviar's contract with Macy's, he was properly joined, the parties are not completely diverse, and the case should be remanded to state court. Lillard moves to dismiss, contending that Alviar has not stated a claim against him on which relief can be granted.

II

For a case to be removed based on diversity jurisdiction, "'all persons on one side of the controversy [must] be citizens of different states than all persons on the other side.'" *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (quoting *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004) (per curiam)). This means that no plaintiff can be a citizen of the same state as even one defendant. Moreover, under 28 U.S.C. § 1441(b), a case cannot be removed based on diversity jurisdiction if any properly-joined defendant is a citizen of the state in which the action is brought (here, Texas).

"The doctrine of improper joinder . . . entitle[s] a defendant to remove to a federal forum unless an in-state defendant has been 'properly joined.'" *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc). "When a defendant removes a case to federal court on a claim of improper joinder [of an in-state defendant], the district court's first inquiry is whether the removing party has carried its heavy burden of proving that the joinder was improper." *Id*. at 576. The defendant can establish improper joinder by showing

- 3 -

that there was actual fraud in the pleading of jurisdictional facts or that the plaintiff is unable to establish a cause of action against the non-diverse defendant in state court. *Id*. at 573 (citing *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)).

In this case, defendants maintain that Alviar is unable to establish a cause of action against Lillard. To meet their heavy burden of proving improper joinder, defendants must demonstrate "that there is no possibility of recovery by the plaintiff against [Lillard], which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against [Lillard]." *Id*. The court must "evaluate all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff." *Guillory v. PPG Indus., Inc*., 434 F.3d 303, 308 (5th Cir. 2005) (internal quotation marks and citation omitted). Thus "[t]he party seeking removal bears a heavy burden of proving that the joinder of the in-state party was improper." *Smallwood*, 385 F.3d at 574.

To predict whether plaintiff has a reasonable basis of recovery under state law, "[t]he court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Id*. at 573. "Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Id*. In considering the allegations against in-state defendants, the court must look to the live pleadings at the time of removal. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) ("To determine whether jurisdiction is present for removal, we consider the claims in the state court petition as they

- 4 -

existed at the time of removal.").  The court is not permitted to "mov[e] . . . beyond jurisdiction and into a resolution of the merits[.]"  *Smallwood*, 385 F.3d at 574.

III

A

Alviar maintains that Lillard has been properly joined as a defendant and that the parties are not completely diverse.  He contends that Lillard interfered with his contract of employment with Macy's "by making it more difficult for him to perform his work duties through regularly making inappropriate comments regarding, and ultimately terminating him because of his status as a veteran and his PTSD/disability," and that because Lillard, acting in his own interest, tortiously interfered with Alviar's contract with Macy's, there is not complete diversity of citizenship, and this case should be remanded to state court.  P. 7/13/16 Br. 7.

Defendants respond that, to the extent Alviar intended to plead his TCHRA claims against Lillard, he cannot recover against Lillard individually because the TCHRA only allows for liability against employers, not individual supervisors or managers like Lillard; that Alviar's tortious interference claim against Lillard is preempted by the TCHRA; that Alviar's tortious interference claim against Lillard is barred under Texas law because the employment-at-will doctrine bars a tortious interference claim against a supervisor of an at-will employee like Alviar; that Alviar has failed to plausibly allege that Lillard acted *solely* in his own interests, and evidence of Alviar's performance issues supports the conclusion that Lillard acted with a mixed motive in terminating Alviar; that Alviar has failed to plead facts

showing that Lillard acted solely in his own interest *at the expense of the company*; and that

Alviar's petition fails to plead facts showing that defendants complained about Lillard's

actions.

B

Under Texas law, the elements of tortious interference with contract are: (1) the

existence of a contract, (2) willful and intentional interference, (3) interference that

proximately caused damage, and (4) actual damage or loss. *Powell Indus., Inc. v. Allen*, 985

S.W.2d 455, 456 (Tex. 1998) (citing *ACS Investors, Inc. v. McLaughlin*, 943 S.W.2d 426,

430 (Tex. 1997)). "When the defendant is both a corporate agent and the third party who

allegedly induces the corporation's breach, the second element is particularly important."

*Id*. at 456-57. This is because, by definition, a party to a contract cannot tortiously interfere

with its own contract. *See Holloway v. Skinner*, 898 S.W.2d 793, 796 (Tex. 1995); *Hussong*

*v. Schwan's Sales Enters., Inc.*, 896 S.W.2d 320, 326 (Tex. App. 1995, no writ).

Accordingly, "[t]o maintain a tortious interference suit against a corporate agent or

representative, a plaintiff must show that the agent acted willfully and intentionally to serve

the agent's personal interests at the corporation's expense." *Mumfrey v. CVS Pharmacy, Inc.*,

719 F.3d 392, 402-03 (5th Cir. 2013) (citing *Powell Indus., Inc.*, 985 S.W.2d at 457). "A

corporate officer's mixed motives—to benefit both himself and the corporation—are

insufficient to establish liability." *Powell Indus., Inc*., 985 S.W.2d at 457 (citing *ACS*

*Investors, Inc.*, 943 S.W.2d at 432). "The Texas Supreme Court has provided guidance on

determining when a[] corporation's agent is acting against the corporation's interests: If a

corporation does not complain about [its] agents actions, then the agent cannot be held to have acted contrary to the corporation's interests." *Mumfrey*, 719 F.3d at 403 (citing *Powell Indus., Inc.*, 985 S.W.2d at 457).

C

Alviar alleges that Lillard committed the following acts: he expressed hostility to Alviar's PTSD condition, asked him inappropriate questions, and made inappropriate statements, such as "your PTSD pissed me off," and "with your PTSD are you sure you can handle the job?"  Pet. 4; Lillard terminated Alviar's employment; and Lillard made the performance of Alviar's employment contract more difficult on account of Alviar's disability and status as a veteran, in violation of the policy of Macy's that disapproves of discrimination based on disability and veteran/military status.  Alviar does not allege that Lillard was acting to serve his own personal interests.  *See Mumfrey*, 719 F.3d at 403 (concluding that corporate agents were improper joined where employee sued them but did not "allege that the individual defendants were acting to serve their own personal interests."). In fact, Alviar alleges that "Defendants at all relevant times acted through [their] agents and employees."[3]  Pet. 5.  Moreover, there is no allegation that Macy's ever complained about, or disciplined, Lillard for his behavior, meaning that Lillard cannot be held to have acted

---

[3]In his reply, Alviar contends that he did not plead that Lillard was acting in the course and scope of his employment with regard to his tortious interference claim, or that Macy's was vicariously liable for Alviar's tortious interference claim against Lillard.  Although this is true, the quoted language from Alviar's amended complaint alleges that Macy's terminated Alviar *through its agent, Lillard*, and supports the conclusion that, in terminating Alviar, Lillard was acting within the course and scope of his employment.

contrary to the interests of Macy's.  *See Mumfrey*, 719 F.3d at 403.

In addition, Macy's has adduced evidence that Alviar was terminated, at least in part, as a result of performance issues.[4]  Two days before he was terminated, Alviar stated in an email to the Regional Vice Present-Asset Protection for MRHI:

> I have been suspended for failing to authorize prosecutions, failing to review case reports in detail and failing to complete detective touch bases.  While I do agree that these are issues that I should have identified, they are by no means wide spread . . . . [I]n March I asked [Lillard] for more formal in store visits because I knew I was struggling . . . .  I told [Lillard] I was struggling to review cases and approve within 3 days.  I told him my workload caused me to forget to write down my touch bases . . . .  On July 25th . . . I told [Lillard] with the number of cases that I am still struggling to review them to standard and have them approved within the 24 hour standard.

Ds. 8/3/16 App. 6-7.  Alviar does not dispute this evidence or argue that he was not terminated, at least in part, based on performance issues.  As explained above, a corporate officer's mixed motives are insufficient to establish liability for tortious interference.  *Powell*

---

[4]The Fifth Circuit stated, in *Smallwood*, that

> [o]rdinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder.  That said, there are cases, hopefully few in number, in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder.  In such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry.

*Smallwood*, 385 F.3d at 573.  The court concludes that this is a case in which a summary inquiry is appropriate.  But even if it is not, the court would still conclude that Lillard was improperly joined, even without considering the evidence adduced by Macy's that Alviar was terminated, at least in part, based on performance issues.

- 8 -

*Indus., Inc.*, 985 S.W.2d at 457 (citing *ACS Investors, Inc.*, 943 S.W.2d at 432).

Accordingly, the court concludes that Macy's has met its heavy burden of demonstrating that there is no reasonable basis for the court to predict that Alviar might be able to recover against Lillard.

D

In his motion to remand, Alviar relies heavily on *Rush v. Jacobs Engineering Group*, 2015 WL 1511122 (N.D. Tex. Apr. 2, 2015) (Boyle, J.), in which a member of this court reasoned in denying a similar motion to remand:

> although Plaintiff does not explicitly state that Pena acted solely in his interests when he refused to provide Plaintiff work, reassigned five of Plaintiff's projects to himself, and gave Plaintiff a negative performance review, the Court can reasonably infer from the fact that Pena's actions violated Jacobs' code of conduct and policies that Jacobs disapproved of Pena's actions and, therefore, that he must have been acting solely in his own interests when he took them.

*Id.* at *4.  The judge also stated in a footnote that, where "the corporation has proactively expressed its disapproval of an agent's actions in a published code of conduct, it seems overly technical to also require the plaintiff to show that the corporation complained about those actions after they occurred."  *Id.* at *4 n.2.

The court respectfully disagrees with *Rush*.[5]  The Supreme Court of Texas and the

---

[5]"[T]he undersigned invariably gives serious and respectful consideration to the decisions of other judges of this court on questions of law—and typically follows them because they are usually correct and because predictability in such matters is desirable." *SEC v. Cuban*, 798 F.Supp.2d 783, 788 (N.D. Tex. 2011) (Fitzwater, C.J.).  Here, however, the court is unable to follow the result or reasoning of *Rush*.

- 9 -

Fifth Circuit have clearly outlined the required showing when an employee seeks to hold an agent of his employer liable for tortious interference with an employment contract.  Neither the Supreme Court of Texas nor the Fifth Circuit has ever suggested that a plaintiff can state a tortious interference claim against an agent of his employer merely by alleging that the agent's conduct violated company policy.  In fact, the Supreme Court of Texas has clearly held that a plaintiff "must show that the agent acted solely in his own interests," "must prove that the agent acted willfully and intentionally to serve the agent's personal interests at the corporation's expense," that "[a] corporate officer's mixed motives . . . are insufficient to establish liability," and that "if a corporation does not complain about its agent's actions, then the agent cannot be held to have acted contrary to the corporation's interests."  *Powell Indus., Inc.*, 985 S.W.2d at 457 (citations omitted).  An allegation that the corporate agent's conduct violated company policy is insufficient of itself to satisfy these exacting standards.[6]

### E

Accordingly, the court holds that defendants have carried their heavy burden of demonstrating that there is no reasonable basis for the court to predict that the Alviar might be able to recover against Lillard for tortious interference, and that Lillard has been improperly joined.  Because Macy's and MRHI—the properly-joined defendants—are

---

[6]Moreover, the reasoning and result of *Rush* would enable plaintiffs in employment discrimination cases to destroy diversity jurisdiction merely by asserting tortious interference claims against in-state corporate agents, since most companies have some sort of antidiscrimination policy, and plaintiffs will always be able to allege that the in-state corporate agents' discriminatory acts violated that policy.

diverse, non-Texas citizens, this case was properly removed, and Alviar's motion to remand must be denied.

IV

Because the court holds that Lillard was improperly joined according to a Rule 12(b)(6)-type analysis, it follows that he is entitled to dismissal of the tortious interference claim against him based on his Rule 12(b)(6) motion. *See Berry v. Hardwick*, 152 Fed. Appx. 371, 373-74 (5th Cir. 2005) (per curiam) (holding that district court properly granted defendants' motion to dismiss when it determined that they had been improperly joined).[7] Accordingly, the action against Lillard is dismissed with prejudice by Rule 54(b) final judgment filed today.

*   *   *

For the reasons explained, Alviar's motion to remand is denied, Lillard's motion to dismiss is granted, and Alviar's action against Lillard is dismissed with prejudice by Rule 54(b) judgment filed today.

**SO ORDERED**.

October 7, 2016.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE

---

[7]Although the court is basing its decision on Alviar's state court petition, it notes that Alviar's first amended complaint, filed after the case was removed, is nearly identical in substance. Accordingly, the court will not reconsider this decision based on the content of Alviar's first amended complaint.

- 11 -